# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| **Steven Wayne Divine,** Petitioner -vs- **Ricardo E. Chavez,** Respondent | CV-08-1598-PHX-JAT (JRI) **REPORT & RECOMMENDATION On Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241** |

## I. MATTER UNDER CONSIDERATION

Petitioner, incarcerated at the time in the Federal Correctional Institution in Phoenix, Arizona, filed a First Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 on September 25, 2008 (#64). On December 4, 2008, Respondents filed their Response (#79). Petitioner filed a Traverse on December 12, 2008 (#82). In addition, the following dispositive motions filed by Petitioner remain pending: (1) Motion to Withdraw Ground One, filed March 16, 2009 (#86); and (2) Motion for Temporary Restraining Order, filed September 11, 2009 (#93).

The Petitioner's Petition and motions are now ripe for consideration. Accordingly, the undersigned makes the following proposed findings of fact, report, and recommendation pursuant to Rule 8(b), Rules Governing Section 2254 Cases, Rule 72(b), Federal Rules of Civil Procedure, 28 U.S.C. § 636(b) and Rule 72.2(a)(2), Local Rules of Civil Procedure.

## II. RELEVANT FACTUAL & PROCEDURAL BACKGROUND
### A. CRIMINAL PROSECUTION AND CUSTODY

Petitioner was convicted on October 3, 2003, in the Western District of Washington, of seven counts for Bank Fraud in violation of 18 U.S.C. § 1344 and five counts for uttering

- 1 -

Forged Instruments in violation of 18 U.S.C. § 514(a)(1) and (a)(2). Petitioner was sentenced to a term of 33 months imprisonment, and ordered to pay a $1,200 Crime Victim Fund Assessment and restitution of $35,411.02 through the Inmate Financial Responsibility Program (IFRP), 28 C.F.R. § 545.10 *et seq.*, during his incarceration.

In January 2006, Petitioner was released from prison on supervised release, which was transferred to the District of Oregon. On February 20, 2007, the court revoked Petitioner's supervised release and sentenced Petitioner to a term of 36 months imprisonment. (#57, Dist. Or. Order 8/19/08; Response, #79 at 1.)[1]

At the time of filing his First Amended Petition, Petitioner was serving his sentence at the Federal Correctional Institution in Phoenix, Arizona. Petitioner was due to be released on good time credits on May 5, 2009, with a final release date of September 23, 2009. (Response, #79 at 2.)

Petitioner alleges that: (1) on August 7, 2007, he signed an "IFRP contract" under threat of a loss of privileges at FCI-Phoenix; (2) on February 18, 2009, Petitioner was asked to sign a new IFRP contract increasing the payments by 300%, and he refused; (3) Petitioner then undertook a series of attempts to challenge the attempts to collect from him and to have his "IFRP Refusal status" removed. (Memo. of Law, #65 at 3-6.) Copies of various correspondence purporting to show his challenges are attached to Petitioner's Motion Filing Supplemental Writings, filed October 1, 2008 (#66).

As of his July 2, 2009 Motion Requesting Immediate Judgment (#88), Petitioner had been released from custody and had returned to Oregon.

**B. OREGON PROCEEDINGS**

On April 28, 2008, Defendant filed in the District of Oregon a Motion for Order Enjoining Federal Bureau of Prisons from Collecting FRP Obligation. Upon motion of the government, the District of Oregon denied the motion as an improper § 2241 habeas petition,

---

[1] Unopposed allegations in the Response are generally deemed true. 28 U.S.C. § 2248.

- 2 -

concluded that it lacked jurisdiction due to Petitioner incarceration in the District of Arizona, and transferred jurisdiction to the District of Arizona. (Dist. Or. Order 8/19/08, #57.)

### C.  PRESENT FEDERAL HABEAS PROCEEDINGS

**Amended Petition** - Upon transfer of jurisdiction from the District of Arizona, the Court dismissed the petition with leave to amend. (Order 9/17/08, #63.) On September 25, 2008, Petitioner filed the instant First Amended Petition under 28 U.S.C. § 2241 for Writ of Habeas Corpus (#64). Petitioner asserts three grounds for relief attacking the collection of the restitution payments.

In Ground 1, Petitioner argues that the under *U.S. v. Gunning*, 401 F.3d 1145, 1150 (9th Cir. 2005) ("district court simply does not have the authority to delegate its [restitution payment] scheduling duties"), the Bureau of Prisons cannot schedule restitution payments, and having done so, the collections from Petitioner were unauthorized. In Ground 2, Petitioner argues that it is too late for restitution payments to be scheduled by the court, because upon revocation of his supervised release, the original sentence was terminated.[2] In Ground 3, Petitioner complains that he has been advised by the United States Attorney that collections will be continued following Petitioner's release.

In support of his Petition, Petitioner has filed a Memorandum of Law (#65), and a Motion Filing Supplemental Writings (#66). The Petition, Memorandum, and Motion were ordered served. (Order 10/21/08, #67.)

**Response** - On December 4, 2008, Respondent filed an Answer and Motion to Dismiss (#79).[3] In response to the Court's Order to Show Cause concerning the improper

---

[2] The undersigned does not construe this as an assertion that the restitution sentence was invalid when rendered, but that it was terminated by issuance of the sentence on revocation of supervised release. If Petitioner sought to attack the validity *ab initio* of the restitution sentence, this Petition would likely be subject to dismissal as an improper motion to vacate sentence under 28 U.S.C. § 2255.

[3] The Answer and Motion to Dismiss erroneously identify the Respondent as United States of America. (#79 at 1.) However, in the Notice to Show Cause, filed December 9,

- 3 -

filing of a dispositive motion in lieu of an answer without leave, Respondent filed a Notice to Show Cause (#81) asserting that the motion to dismiss had been included to avoid waiving the exhaustion defense. As a result, the Motion to Dismiss was stricken as improperly filed. (Order 12/23/08, #83.)

Respondent's Response (Answer) argues that Petitioner's administrative remedies are unexhausted, and that Petitioner's Claims are without merit.

**Traverse** - On December 12, 2008, Petitioner filed a Traverse (#82), arguing that his administrative remedies are properly exhausted because: (1) Petitioner engaged in a series of correspondence at all levels, opposing his restitution payments; (2) in light of the existing rules of BOP, and BOP's enforcement in the face of court invalidation, any further attempt at administrative resolution would have been futile; (3) the Prison Litigation Reform Act's exhaustion requirement does not apply to habeas petitions, and thus any exhaustion requirement is judicially imposed, and not jurisdictional.

Petitioner further argues that his claims have merit, and that Respondent has failed to respond to his Ground 3 challenge to post-incarceration collection efforts.

On December 29, 2008, Petitioner filed a Notice of New Decision (#84), advising of the decision in *United States v. Ward*, 1:02-CR-5231-01 (E.D.Ca. 2008).

**Motion to Withdraw Ground 1** - On March 16, 2009, Petitioner filed a Motion Withdrawing Ground One (#86), advising of his release from prison, and thus that Ground 1 is now moot. Respondents have not responded.

**Supplements** - On August 20, 2009, the undersigned noted the potential impact on jurisdiction and parties as a result of Petitioner's release, and directed a supplemental response by Respondent. Respondent filed his Supplemental Response (#91) on August 25, 2009. Respondent argues that "the proper respondent, if any, is the United States Attorney's Office in the District of Oregon." (#91 at 3.) Respondent concedes that because Petitioner was in custody at the time of his petition, and the collection of restitution is a collateral

---

2009 (#81), Respondent Chavez identifies the filing as his own.

consequence, jurisdiction is ongoing. Respondent does not address the personal jurisdiction of the Court.

On September 8, 2009, Petitioner filed a Supplemental Reply (#92), reurging his early arguments, and not addressing the proper respondent or jurisdiction of the Court.

**Motion for Temporary Restraining Order** - On September 11, 2009, Petitioner filed a Motion for Temporary Restraining Order (#93), seeking a stay of restitution collection efforts. Respondents filed their Response (#94) on September 16, 2009.

### III. APPLICATION OF LAW TO FACTS

**A. MOTION TO DISMISS GROUND 1; MOOTNESS**

Petitioner has moved, without opposition, to dismiss Ground 1 of the Petition. A motion for voluntary dismissal following a responsive pleading may be made by court order. Fed. R. Civ. P. 41(a)(2). Here, Petitioner argues his Ground 1, which challenges the collection of restitution by the Bureaus of Prisons has been rendered moot by his release from prison.

"The case-or-controversy requirement demands that, through all stages of federal judicial proceedings, the parties continue to have a personal stake in the outcome of the lawsuit." *United States v. Verdin,* 243 F.3d 1174, 1177 (9th Cir. 2001) (internal quotation marks and citation omitted). Ordinarily, a habeas petition challenging only the sentence may be rendered moot when the complained of custody has terminated. *Lane v. Williams*, 455 U.S. 624 (1982). The petitioner may avoid a finding of mootness on a showing that either (1) there are collateral consequences that may be avoided by granting the requested relief, or (2) the situation is "capable of repetition, yet evading review." *Cox v. McCarthy*, 829 F.2d 800 (9th Cir. 1987).

Here, Petitioner's challenge to the BOP collection procedures was rendered moot by his release from prison. Moreover, there appear to be no collateral consequences flowing from the IFRP collections by BOP. Neither Petitioner nor Respondent urge any. Thus, the undersigned finds no collateral consequences.

1    Neither Petitioner nor Respondent urge the application of the "capable of repetition" doctrine. *See e.g. Cox v. McCarthy*, 829 F.2d 800 (9th Cir. 1987) (considering application of doctrine to otherwise moot habeas petition). However, it is conceivable that Petitioner could be re-incarcerated (although, apparently not on the present case), and thus subject again to collections by the BOP. However, it is not apparent why such occurrence would evade review. Thus, the undersigned concludes it does not apply, and that a dismissal without prejudice would leave open an opportunity for future litigation should re-incarceration occur.

Conversely, Petitioner's challenges in Grounds 2 and 3 to the continuing validity of the sentence, and future attempts to collect restitution are still active controversies. For example, this Court could issue a judgment finding the restitution sentence terminated, and thus further collection attempts unauthorized. Accordingly, the undersigned concludes that Grounds 2 and 3 are not moot.

Rule 41(a)(2) provides that a voluntary dismissal upon court order is without prejudice, unless otherwise directed. In light of the concerns about repetition, the undersigned concludes that a dismissal without prejudice is appropriate.

Alternatively, this Court could decline to address the mootness of Ground 1 and simply transfer the petition (as recommended hereinafter), as a whole. Because Ground 1 relates to the current Respondent, this Court retains not only subject matter jurisdiction, but also personal jurisdiction, to resolve the matter. Given the lack of dispute among the parties and the necessity of making the underlying findings as to Petitioner's custody as a prerequisite to the transfer of jurisdiction, the undersigned concludes that resolving the mootness of Ground 1 is the appropriate course.

Accordingly, the undersigned will recommend the dismissal of Ground 1, without prejudice.

### B. JURISDICTION OVER REMAINING CLAIMS

Petitioner's remaining claims focus on the status of the Washington restitution

sentence. In Ground 2, Petitioner argues that the original sentence was terminated by issuance of the revocation sentence, and thus it is too late for restitution payments to be scheduled. In Ground 3, Petitioner complains that he has been advised by the United States Attorney that collections will be continued following Petitioner's release, and, liberally construed, that such action should be enjoined because that sentence has been terminated. Indeed, he makes such request explicit in his Motion Requesting Immediate Judgment on the Pleadings (#88).

Given Petitioner's release, resulting absence from the District of Arizona, and limitation of his claims to attacks on the validity of the sentence, the question arises whether this Court retains jurisdiction.[4]

**Subject Matter Jurisdiction** - "[P]etitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to § 2241 *in the custodial court*." *Hernandez v. Campbell,* 204 F.3d 861, 864 (9th Cir. 2000) (emphasis added).

Petitioner's arguments that continued collection of restitution is unauthorized because the sentence was terminated is still at least arguably appropriately brought pursuant to § 2241. *See Montano-Figueroa v. Crabtree*, 162 F.3d 548 (9th Cir. 1998) (resolving challenge to restitution by federal inmate under 2241). *Cf. United States v. Thiele,* 314 F.3d 399, 401 (9th Cir.2002) (challenge to restitution not permitted in motion to vacate under 28 U.S.C. § 2255*).* However, "a habeas petition filed pursuant to § 2241 must be heard *in the custodial court . . .* even if the § 2241 petition contests the legality of a sentence." *Hernandez*, 204 F.3d at 865.

Thus, Petitioner's release from custody in Arizona (and return to Oregon) would ordinarily mean that this Court would not have jurisdiction over the Petition.

However, the custody requisite to jurisdiction under § 2241 is determined at the time of the filing of the petition. A subsequent release from custody does not terminate previously attached jurisdiction. *Carafas v. LaVallee*, 391 U.S. 234, 239-241 (1968). Nor does a

---

[4] The undersigned is not unmindful of the potential ping-pong effect on Petitioner of having this issue raised again.

removal of the Petitioner from the district. *Ex parte Mitsuye Endo,* 323 U.S. 283, 307 (1944). *See also Rumsfeld v. Padilla,* 542 U.S. 426, 441 (2004). The only requirement for continued jurisdiction is continuing personal jurisdiction, *i.e.* that "a respondent who has custody of the prisoner is within reach of the court's process." *Endo*, 323 U.S. at 306.

Accordingly, despite Petitioner's release, this Court could continue to exercise jurisdiction, but only if it has or can obtain personal jurisdiction over Petitioner's custodian.

**Proper Respondent** - Here, the only person with "custody" of the Petitioner is the United States Attorney for the District of Oregon, who Petitioner contends is pursuing collection of the restitution.

Indeed, it is the United States Attorney who exercises control over such collection. "The Attorney General shall be responsible for collection of an unpaid fine or restitution." 18 U.S.C.A. § 3612(c). Authority for establishing policies for collection of restitution is delegated by 28 C.F.R. § 0.171 to the Director of the Executive Office for United States Attorneys. The United States Attorney Manual, adopted by *inter alia* the Executive Office for United States Attorneys, provides in section 3-12.600 for the collection of restitution by the various United States Attorneys. U.S.A.M. § 3-12.600, 1999 WL 33219726 (November 2000).

Inasmuch as Petitioner (and presumably his income and assets) are located in the District of Oregon, collection of restitution by the United States Attorney for the District of Oregon is to be anticipated, and according to Petitioner is at least threatened. Thus, it is that attorney who continues to exercise "custody" over Petitioner.

**Personal Jurisdiction** - However, the United States Attorney for the District of Oregon is presumably within that district, and not within the District of Arizona. This Court is authorized to exercise personal jurisdiction over a person outside this District if the custodian "could be subjected to the jurisdiction of a court of general jurisdiction" in the District. Fed. R. Civ. P. 4(k)(1)(A). Rule 4.2(a) of the Arizona Rules of Civil Procedure gives the Arizona courts jurisdiction over persons outside the state "to the maximum extent permitted by the Constitution of this state and the Constitution of the United States."

1  However, "[d]ue process requires that a nonresident defendant have certain minimum
2  contacts with the forum state so that the exercise of jurisdiction does not offend traditional
3  notions of fair play and substantial justice." *Bauman v. DaimlerChrysler Corp.*, - - - F.3d -
4  - -, 2009 WL 2634795, 3 (9th Cir. Aug. 28, 2009) (citing *Int'l Shoe Co. v. Washington*, 326
5  U.S. 310, 316 (1945)). Thus, this Court can exercise jurisdiction over the United States
6  Attorney for the District of Oregon only if the attorney has had the requisite "minimum
7  contacts" within the District. *See e.g. Cook v. Fox,* 537 F.2d 370, 371 (9th Cir. 1976)
8  ("federal court sitting in Michigan... [did] not sufficiently affect persons or property in
9  Arizona to create even the minimal contacts necessary to satisfy due process" for the District
10 of Arizona to exercise personal jurisdiction over Michigan federal judge).

11 No basis has been shown for finding that the United States Attorney for the District
12 of Oregon has had any contacts within the District of Arizona, let alone sufficient contacts
13 so as to justify hailing that attorney into court in this district. Accordingly, the undersigned
14 concludes that this Court lacks personal jurisdiction over the Oregon U.S. Attorney, the only
15 proper respondent.

16

17 **C. TRANSFER**

18 This Court could dismiss this matter for lack of jurisdiction over the only possible
19 respondent. However, 28 U.S.C. § 1406(a) provides: "The district court of a district in which
20 is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the
21 interest of justice, transfer such case to any district or division in which it could have been
22 brought."

23 The conditions for transfer are: (1) the transferring court is the wrong district; (2) the
24 transferee court is one in which the action could have been brought; and (3) justice calls for
25 the transfer.

26 Here, as discussed above, the District of Arizona no longer has the personal
27 jurisdiction to resolve this matter. Section 1406(a) "has been held to authorize the transfer
28 of a case so as to cure the lack of personal jurisdiction in the district where the case was first

brought." *Wood v. Santa Barbara Chamber of Commerce, Inc.,* 705 F.2d 1515, 1523 (9th Cir. 1983) (citing *Goldlawr v. Heiman*, 369 U.S. 463, 466 (1961).

The District of Oregon now has jurisdiction over Petitioner's current custodian, and thus the action could now be brought there.

Moreover, "[n]ormally transfer will be in the interest of justice because normally dismissal of an action that could be brought elsewhere is 'time consuming and justice-defeating.' " *Miller v. Hambrick*, 905 F.2d 259, 262 (9th Cir.1990) (quoting *Goldlawr*, 369 U.S. at 467)). The undersigned divines no reason to not transfer, and thus finds that justice calls for the transfer.

**D. PENDING MOTIONS**

Petitioner has pending his Motion for Temporary Restraining Order, filed September 11, 2009 (#93), in light of this Court's lack of personal jurisdiction over the target of that motion, and the intent to transfer this case to the District of Oregon, the undersigned will make no recommended disposition of this motion, apart from the effect of that transfer.

## IV. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that the Petitioner's Motion to Withdraw Ground One, filed March 16, 2009 (#86) be **GRANTED**.

**IT IS FURTHER RECOMMENDED** that Ground One of the Petitioner's First Amended Petition for Writ of Habeas Corpus, filed September 25, 2008 (#64), be **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that the remainder of the Petitioner's First Amended Petition for Writ of Habeas Corpus, filed September 25, 2008 (#64), and this case, be **TRANSFERRED** to the United States District Court of the District of Oregon.

## V. EFFECT OF RECOMMENDATION

This recommendation is not an order that is immediately appealable to the Ninth

Circuit Court of Appeals. Any notice of appeal pursuant to *Rule 4(a)(1), Federal Rules of Appellate Procedure*, should not be filed until entry of the district court's judgment.

However, pursuant to *Rule 72(b), Federal Rules of Civil Procedure,* the parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See also* Rule 8(b), Rules Governing Section 2254 Proceedings. Thereafter, the parties have ten (10) days within which to file a response to the objections. Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will be considered a waiver of a party's right to *de novo* consideration of the issues. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*).

DATED: September 30, 2009

_____
JAY R. IRWIN
United States Magistrate Judge

S:\Drafts\OutBox\08-1598-064r RR 09 07 27 re HC.wpd